UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTIE MOLLOHAN,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 1:19-CV-1086
(Criminal Case No. 1:18-CR-87)

HON. GORDON J. QUIST

## **OPINION REGARDING MOLLOHAN'S § 2255 MOTION**

Pursuant to 28 U.S.C. § 2255, Kristie Mollohan moves to vacate, set aside, or correct her sentence. (ECF No. 1.) The government has responded. (ECF No. 13.) Mollohan's arguments are based on facts that are unequivocally presented in the record or factual allegations that are inherently incredible. Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," § 2255(b), the Court will deny Mollohan's motion in its entirety without a hearing.

### BACKGROUND

In 2019, Mollohan pled guilty pursuant to a written plea agreement to two counts of tampering with a consumer product in violation of 18 U.S.C. § 1365(a)(4). (R.16.)[1] The Plea Agreement provided the underlying facts to support the convictions:

> On more than one occasion in August 2016, while working in the Barry County home of A.K., a thirty-year old disabled patient who required twenty-four hour care, the Defendant removed liquid diazepam (valium), a Schedule IV controlled substance, which was prescribed to A.K. The Defendant replaced the diazepam with water or saline solution. When one of the bottles of diazepam was

---

[1] Citations to "R." refer to docket entries in Mollohan's criminal case, 1:18-CR-87.

subsequently tested by the FDA Forensic Chemistry Center, the testing showed that it contained less than 1% of the declared concentration of diazepam.

In August 2016, the Defendant also worked in the Allegan County home of two minor brothers, K.M. and R.M., who were also disabled and required twenty-four hour care. On more than one occasion in August 2016, the Defendant removed liquid diazepam (valium), a Schedule IV controlled substance, from bottles of diazepam that were prescribed to R.M. and K.M. The defendant replaced the diazepam with water or saline solution. On August 25, 2016, R.M. suffered a seizure, observed by a treating home health nurse, that R.M.'s treating physician believes, more probable than not, was the result of receiving sub-therapeutic amounts of his prescribed diazepam. Law enforcement seized bottles of diazepam form the home of K.M. and R.M. that were also tested. R.M.'s bottle of diazepam was found to have less than 10% of the declared concentration of diazepam. K.M.'s bottle was found to have 6% of the declared concentration of diazepam.

The diazepam prescribed to A.K., K.M., and R.M. was manufactured outside of the state of Michigan, and the tampering of their diazepam cause their parents to order additional diazepam to replace the diazepam diluted by the Defendant in August 2016. The Defendant knew that she put the patients' lives at risk by diluting their diazepam given that the diazepam was used, among other purposes, to suppress seizures.

(R.15 at PageID.27-28).

As part of the plea agreement, the government agreed not to bring other charges against Mollohan relating to the tampering with consumer products in the homes of A.K., K.M., and R.M. (*Id.* at PageID.28-29.) The parties also stipulated that the government could establish by a preponderance of evidence that R.M. suffered a seizure after receiving diazepam as a result of Mollohan's tampering but the government could not establish that the tampering resulted in R.M.'s death. (*Id.* at PageID.29-30.)

At sentencing, the Court calculated Mollohan's sentencing guidelines at 97 to 121 months' incarceration, based on a total offense level of 30 and a criminal history category of I. (R.29.) The Court varied downward from the guidelines and imposed a sentence of 82 months' imprisonment. (R.28.) Mollohan did not appeal her conviction or sentence.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a), a prisoner in the custody of the United States may seek collateral relief from a sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

"The Sixth Amendment guarantees a defendant the effective assistance of counsel at 'critical stages of a criminal proceeding,' including when he enters a guilty plea." *Lee v. United States*, __ U.S. __, 137 S. Ct. 1958, 1964 (2017) (quoting *Lafler v. Cooper*, 566 U.S. 156, 165, 132 S. Ct. 1376, 1385 (2012)). "'To demonstrate that counsel was constitutionally ineffective, a defendant must show that counsel's representation 'fell below an objective standard of reasonableness' and that he was prejudiced as a result." *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). To prove deficient performance, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The standard for analyzing ineffective assistance claims is "simply reasonableness under prevailing professional norms." To establish prejudice, the movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

**DISCUSSION**

Mollohan's claims are rambling, confusing, and overlap one another. She identifies four grounds for relief in her Motion: (1) "Counsel Failed to File a Direct Appeal on her Behalf," (2) "Whether or not Mollohan is Factually Innocent of the Charges Against Her," (3) "Miscarriage of Justice," and (4) "Validity of Plea." (ECF No. 1.) She identifies five issues in the Memorandum in Support of her Motion: (1) "Whether Counsel was Inefficient in Failing to Properly Consult with Her Regarding an Appeal," (2) "Whether Mollohan is Factually Innocent Based on the Elements," (3) "Whether Counsel was Ineffective for Failing to Object to the Enhancement Applied," (4) "Miscarriage of Justice," and (5) "Whether Counsel was Ineffective in Failing to Try and Build a Defense on Her Behalf." (ECF No. 3.) The Court interprets Mollohan's filings as raising claims of ineffective assistance of counsel at the guilty plea stage, sentencing, and appeal. The Court addresses each in turn.

1. <u>Guilty Plea</u>

Mollohan contends that her counsel coerced her into pleading guilty. A common theme throughout her Motion is that she mistakenly refers to her conviction as tampering with a consumer product resulting in death or bodily injury. (ECF No. 1 at PageID.1.) That is not the case. Mollohan pled guilty to tampering with a consumer product in violation of 18 U.S.C. § 1365(a)(4). Under this statute, an individual must have acted "with reckless disregard for the risk that another person will be placed in danger of death or bodily injury and under circumstances manifesting extreme indifference to such risk" but it does not require that death or serious bodily injury actually occur. *Id.*

Mollohan alleges that her counsel (1) failed to properly identify a viable defense, (2) failed to explain the expert opinions regarding the impact of her tampering on R.M, and (3) failed to

4

properly advise her of the risks she faced by the rejecting the plea agreement. It is undisputed that Mollohan tampered with diazepam in the two homes in August 2016. R.M.'s treating physician opined that the dilution of R.M.'s diazepam caused a seizure on August 25th. There were conflicting expert opinions about whether Mollohan's tampering with the diazepam caused R.M.'s death. The parties agreed that the government could sufficiently prove the tampering caused R.M.'s seizure but could not sufficiently prove the tampering caused R.M.'s death. These facts were included in the Final Presentence Report. (R.24 at PageID.86-87.) According to Mollohan's counsel, he explained to Mollohan the risk of going to trial and the possibility that the Court would decide that her tampering "resulted in death," which would have increased her total offense level. Mollohan offers nothing more than conclusory allegations about what her counsel could have done. She has not identified any specific errors by counsel that undermined the adversarial process.

Mollohan also appears to challenge her guilty plea based on the jurisdictional element. She contends that it is not clear that the drugs she tampered with travelled across state lines. This contradicts the signed Plea Agreement, which states that the diazepam was manufactured outside the State of Michigan. (R.15 at PageID.28.) Mollohan only offers conclusory allegations that her attorney did not properly advise her of this element and that the diazepam may have not traveled in interstate commerce. She has failed to show deficient performance or prejudice with respect to this claim.

2. <u>Sentencing Enhancements</u>

Mollohan also argues that her counsel was ineffective for failing to object to the sentencing guidelines adjustments for vulnerable victims and abuse of trust/special skill. Both adjustments clearly apply in the instant case. Furthermore, this is not an instance of double counting because

(1) the vulnerable victim adjustment captures the status of the victims of Mollohan's crimes, and (2) the abuse of trust/special skill adjustment focuses on Mollohan's status as a licensed health care professional facilitating the offense and/or concealment of the offense. *See United States v. Dobish*, 102 F.3d 760, 762 (6th Cir. 1996). Therefore, Mollohan has failed to show deficient performance or prejudice with respect to this claim.

    3. <u>Appeal</u>

Mollohan argues that her counsel was ineffective because he failed to properly consult her regarding an appeal. Mollohan's does not allege that she ever asked her attorney to file a notice of appeal. At sentencing, this Court informed Mollohan of her appeal rights. Mollohan's defense counsel provided a very specific affidavit addressing this issue. (ECF No. 7.) He provided an accurate assessment of Mollohan's prospects of appealing a below-guideline sentence. Mollohan was aware of her appellate rights, aware of the time to file her appeal, aware of the prospects of a successful appeal, and aware that defense counsel would file an appeal at her request. On this record, there is simply no basis to find ineffective assistance based on a failure to file an appeal.

CERTIFICATE OF APPEALABILITY

Having concluded that Mollohan is not entitled to relief, the Court must next determine whether a certificate of appealability should issue under 28 U.S.C. § 2253(c)(2). A certificate should issue if the movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standards set forth

by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000); *Murphy*, 263 F.3d at 467.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Having reviewed the record and case law, the Court concludes that reasonable jurists could not find this Court's conclusions to be debatable or wrong.

## CONCLUSION

For the foregoing reasons, the Court will dismiss Mollohan's § 2255 Motion and deny a certificate of appealability. A separate order will enter.


Dated: December 22, 2022                           /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE